**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Marisol Baez-Neris<br>_Debtor_ | CHAPTER 13 |
| PENNSYLVANIA HOUSING FINANCE AGENCY<br>_Movant_<br>vs. | NO. 17-11478 MDC |
| Marisol Baez-Neris<br>_Debtor_ | 11 U.S.C. Section 362 |
| Kenneth E. West, Esquire<br>_Trustee_ | |

## **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$5,822.15,** which breaks down as follows;

   Post-Petition Payments:     June 2021 to October 2021 at $1,164.43/month
   **Total Post-Petition Arrears     $5,822.15**

2. The Debtor(s) shall cure said arrearages through a loan modification within the following schedule:

   a) Debtor shall accept the trial modification, offered by Movant on or about October 20, 2021.

   b) Debtor shall successfully complete the October 20, 2021 trial modification and obtain a permanent modification by April 1, 2022.

3. Additionally, beginning on December 1, 2021, Debtor shall also make regular trial modification payment followed by regular permanent modification monthly payments thereafter, both as directed within the modification documents.

4. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

5. In the event any of the events listed within Section 2 are not completed within the listed deadline, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the

Debtors may amend her Chapter 13 Plan to provide for payment of Movant's arrears within Sectoin 4(a), "Curing Default and Maintaining Payments", within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to do so, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

6. In the event any of the payments listed under Section 3 are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

7. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

8. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order7 granting the Movant relief from the automatic stay.

9. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

10. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

11. The parties agree that a facsimile signature shall be considered an original signature.


Date:   October 26, 2021                    By: */s/ Rebecca A. Solarz, Esquire*
                                                Attorney for Movant



Date:   *November 16, 2021*                 */s/ Sean P. Mays, Esquire*
                                            Sean P. Mays, Esquire
                                            Attorney for Debtor

No Objection

Date: November 17, 2021

/s/ LeeAne O. Huggins

Kenneth E. West, Esquire
Chapter 13 Trustee

Approved by the Court this 18th day of November 2021. However, the court retains discretion regarding entry of any further order.

Magdeline D. Coleman
Chief U.S. Bankruptcy Judge