United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 17-11478-mdc |
| Marisol Baez-Neris | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Nov 18, 2021 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 20, 2021:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Marisol Baez-Neris, 2956 Gaul Street, Philadelphia, PA 19134-4337 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

| | | |
|---|---|---|
| Date: Nov 20, 2021 | Signature: | /s/Joseph Speetjens |

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 18, 2021 at the address(es) listed below:

| Name | Email Address |
|---|---|
| BRIAN CRAIG NICHOLAS | on behalf of Creditor Pennsylvania Housing Finance Agency bnicholas@kmllawgroup.com  bkgroup@kmllawgroup.com |
| KENNETH E. WEST | ecfemails@ph13trustee.com  philaecf@gmail.com |
| KEVIN G. MCDONALD | on behalf of Creditor Pennsylvania Housing Finance Agency bkgroup@kmllawgroup.com |
| LEON P. HALLER | on behalf of Creditor Pennsylvania Housing Finance Agency lhaller@pkh.com  dmaurer@pkh.com;mgutshall@pkh.com |
| REBECCA ANN SOLARZ | on behalf of Creditor Pennsylvania Housing Finance Agency bkgroup@kmllawgroup.com  rsolarz@kmllawgroup.com |
| SEAN P. MAYS | on behalf of Debtor Marisol Baez-Neris sean@maysfirm.com |

| District/off: 0313-2 | User: admin | Page 2 of 2 |
| Date Rcvd: Nov 18, 2021 | Form ID: pdf900 | Total Noticed: 1 |

United States Trustee
          USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 7

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Marisol Baez-Neris <u>Debtor</u> | CHAPTER 13 |
| PENNSYLVANIA HOUSING FINANCE AGENCY <u>Movant</u><br>vs.<br>Marisol Baez-Neris <u>Debtor</u><br>Kenneth E. West, Esquire <u>Trustee</u> | NO. 17-11478 MDC<br><br>11 U.S.C. Section 362 |

**STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$5,822.15,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | June 2021 to October 2021 at $1,164.43/month |
| **Total Post-Petition Arrears** | **$5,822.15** |

2. The Debtor(s) shall cure said arrearages through a loan modification within the following schedule:

   a) Debtor shall accept the trial modification, offered by Movant on or about October 20, 2021.

   b) Debtor shall successfully complete the October 20, 2021 trial modification and obtain a permanent modification by April 1, 2022.

3. Additionally, beginning on December 1, 2021, Debtor shall also make regular trial modification payment followed by regular permanent modification monthly payments thereafter, both as directed within the modification documents.

4. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

5. In the event any of the events listed within Section 2 are not completed within the listed deadline, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the

Debtors may amend her Chapter 13 Plan to provide for payment of Movant's arrears within Sectoin 4(a), "Curing Default and Maintaining Payments", within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to do so, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

6. In the event any of the payments listed under Section 3 are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

7. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

8. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order7 granting the Movant relief from the automatic stay.

9. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

10. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

11. The parties agree that a facsimile signature shall be considered an original signature.


Date:   October 26, 2021                    By: /s/ Rebecca A. Solarz, Esquire
                                                Attorney for Movant



Date:   November 16, 2021                   /s/ Sean P. Mays, Esquire
                                            Sean P. Mays, Esquire
                                            Attorney for Debtor

                                                                                                No Objection

Date: November 17, 2021                    /s/ LeeAne O. Huggins

                                                                        Kenneth E. West, Esquire
                                                                         Chapter 13 Trustee

Approved by the Court this **18th** day of **November** 2021.  However, the court retains discretion regarding entry of any further order.

                                                                            Magdeline D. Coleman
                                                                            Chief U.S. Bankruptcy Judge